UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br>Plaintiff,<br>v.<br>MANUEL RICARDO GOMEZ,<br>Defendant. | Case No.: 26-cv-03157-AJB-MMP<br>**ORDER**<br>(Doc. No. 9) |

Before the Court is the Stipulation and [Proposed] Judgment filed by Plaintiff Travelers Property Casualty Company of America ("Travelers") and Defendant Manuel Ricardo Gomez ("Gomez"). (Doc. No. 9.) The Court does not recognize stipulations in this regard. CivLR 7.2.b.; *see also* J. Battaglia Civ. Case Proc. § IV.A. Nevertheless, the Court construes the stipulation as a joint motion.

The parties agree that the Court shall enter judgment in Travelers' favor and against Gomez. (Doc. No. 9.) The parties further agree that the Court should declare:

(1) Travelers owes no obligation under policy number 810-9N423605-25-14-G, effective 1/1/2025 to 1/1/2026, to pay for medical damages that either (a) were paid by Workers' Compensation, or (b) would have been paid but were not claimed in Workers' Compensation.

(2) Travelers owes no obligation under the uninsured/underinsured motorist policy to pay any lost wages that either (a) were paid by Workers' Compensation, or (b) would have been paid but were not claimed in Workers' Compensation.

(3) Travelers' limits are offset by the total amount paid by Workers' Compensation.

(4) Travelers' limits are offset by the cost of any lien-based care obtained by claimant for treatment which would have been paid by Workers' Compensation had it been claimed.

(5) Travelers' limits are offset by the amount of lost wages which would have been paid by Workers' Compensation had it been claimed.

For good cause shown, the Court **GRANTS** the joint motion.

The Court further **DECLARES**:

(1) Travelers owes no obligation under policy number 810-9N423605-25-14-G, effective 1/1/2025 to 1/1/2026, to pay for medical damages that either (a) were paid by Workers' Compensation, or (b) would have been paid but were not claimed in Workers' Compensation.

(2) Travelers owes no obligation under the uninsured/underinsured motorist policy to pay any lost wages that either (a) were paid by Workers' Compensation, or (b) would have been paid but were not claimed in Workers' Compensation.

(3) Travelers' limits are offset by the total amount paid by Workers' Compensation.

(4) Travelers' limits are offset by the cost of any lien-based care obtained by claimant for treatment which would have been paid by Workers' Compensation had it been claimed.

(5) Travelers' limits are offset by the amount of lost wages which would have been paid by Workers' Compensation had it been claimed.

Each party shall bear its own costs and attorney fees.

The Clerk of Court is **DIRECTED** to enter judgment in Travelers' favor and against Gomez. The Clerk of Court is further **DIRECTED** to close the case.

**IT IS SO ORDERED**.

Dated: November 19, 2026

Hon. Anthony J. Battaglia
United States District Judge